This is the United States of America. Am I pronouncing the name correctly? Is it Monoson? Monoson. Monoson. I had basically two choices, and of course I chose the number one, alright. Mr. Fleissig-Green? That's right. Go forward, please. Good morning, and may it please the Court. Eric Fleissig-Green with the Department of Justice, representing the United States in this matter. With the Court's permission, I'd like to request three minutes for rebuttal. Granted. Both parties in this case agree that the liability of the United States under the Federal Tort Claims Act must be in accordance with the law of the place where the act or omission occurred, here, the law of the Virgin Islands. The District Court acknowledged that at the time of its judgment, and for over six years prior to that date, the law of the Virgin Islands provided that the total amount recoverable for non-economic damages in a motor vehicle accident case may not exceed $75,000 except upon a finding of gross negligence or willful conduct. The District Court made no such finding of gross negligence or willful conduct. It acknowledged that Mr. Monason's case fell within the general suit for a motor vehicle accident, and it further acknowledged that his award for pain and suffering was non-economic damages, as the statute defined that term. The District Court nonetheless declined to apply current Virgin Islands law and rendered a judgment well in excess of the $75,000 limit. That judgment should be vacated and remanded for a purposeful assessment under current Virgin Islands law. Both of you have responded in any letter, brief, or form to our inquiry as to this Court's Collins decision. Speaking only for myself, Mr. Feisig-Green, I found the government's response somewhat less than compelling, so persuade me, if you will, as to why Collins is not a powerful authority supporting the other side. Certainly, Your Honor. I mean, I think the cases that govern retroactivity analysis fall into essentially two sides of a continuum. On one side, you have matters that have been – that establish rights by virtue of something antecedent to the litigation, an executory agreement. This could be a contract, as you had in Fidelity and Guarantee Company. It could be a plea bargain agreement, as you had in the Supreme Court's case in St. Cyr. Or it can be a retention of counsel, as was the case in Collins. And this Court emphasized that when Collins brought the action and then applied for appointment of counsel prior to the PLRA's enactment, he had no reason to believe that the Court would order that a portion of his judgment would be used to satisfy the attorney's fees the Court awarded. The emphasis there, I would say, particularly in light of the Supreme Court's subsequent cases in Altman and Fernandez-Vargas, which this Court obviously in Collins did not have the benefit of that analysis, is read on the executory side of that line. That is to say, a right that is antecedent to litigation. In this case, that Collins would not be expected to pay any of his counsel's fees when he asked for appointment of counsel and when he agreed to have retention of that counsel. On the other side of the line are matters such as you have in Fernandez-Vargas, which is a request for discretionary relief from deportation or a claim to immunity from suit as in Altman, or as in the Bell South case and the Southwest Center for Biological Diversity from the Ninth and Sixth Circuits, a case where there is some expectation of success in litigation. You note in your supplemental brief correctly that in our Collins analysis, we said that pending cases are to be governed by current law unless a statute's application, quote, would impair rights a party possessed when he acted. You make reference to that, but I don't see that you discuss that language elsewhere in your supplemental. Why are you in the position you are urging upon us, not asking us to effectively impair rights that Mr. Monison had at the time he acted? Well, Your Honor, I think as Altman and Fernandez-Vargas make clear, a right must be something more than a justifiable expectation. It must be something more than hope. How is it an expectation that Mr. Monison had the right to make this claim at that time? Well, Your Honor, I mean Mr. Monison retains the right to make a claim. Not for anything over the $75,000, he doesn't. That's absolutely correct, Your Honor. Every jury verdict is a matter of happenstance, shall we say. That's absolutely correct. Some of us observers would say some of them more reason than others, but no one ever knows for sure how a jury's going to act. What we do know is that at a particular time, one has certain rights or certain vested rights. And so in this case, what Mr. Monison had was the right to make a claim irrespective of what a jury eventually would do. Well, Your Honor, and I would say again, in contrast, for example, to this court's case in Matthews v. Kidder Peabody Cole, Mr. Monison retains the right to make a claim and to have that claim adjudicated. And ultimately, he will, even if this court vacates and remands to the district court, receive a verdict under his recovery. Nonetheless, he does not have a right or even, I would argue, a justifiable expectation that he will recover a particular quantum of recovery. Again, I'm not suggesting that he had a right to a specific recovery. I'm suggesting that he had a right to make a request for a particular – Well, Your Honor, that's correct. I mean he certainly did. His complaint, I would note, didn't make such a request, and subsequent to the passage of this act, he did not seek to amend his complaint to specify an amount. And the nature of the litigation here is that the amount that an individual is seeking does not necessarily need to be specified in the complaint. I mean the right, if there is any, I would suggest there's possibly even some dispute about that, as we suggested in our reply brief. But Matthews v. Kidder Peabody Cole suggests that there is perhaps a right to assert a claim in court, but that's not what we're disputing here. We're saying it's two steps further down the line. You're saying not only do you have a right to assert the claim in court, you have a right to prevail on that claim, which is contrary to both the Sixth and Ninth Circuit's decisions that we've cited in our brief. And moreover, you have a right to recover a particular quantum for an amount of damages that is, in fact, by its very nature, not one that is definitive in the first instance, a non-economic damages claim, which is a subjective valuation of an individual's pain and suffering. So to suggest that that is – that rises above the level of, for example, the claim of immunity that is considered in Altman, to which foreign states have been entitled well prior to the time that the statute was passed and had acted in reliance on that past claim to immunity. And to suggest, on the other hand, that plaintiff here possesses a right to recover more than $75,000, we would suggest is a burden that plaintiff cannot meet here. Did plaintiff have a right to recover such amount as the jury deemed just for the plaintiff to recover? Well, Your Honor, I mean certainly there would be some presumption that a defendant – excuse me, a plaintiff would be made whole. Yes, Your Honor. I think that's correct. And here the argument could be that the plaintiff may not be made whole. Well, Your Honor, again, I would suggest that one would have an expectation of that, but not necessarily a right to a particular valuation of what would or would not make him or her whole. The concern that Landgraf and the subsequent cases have elaborated is that what you don't want to do, on the one hand, is unsettle expectations that have been risen to the level of rights. But on the other hand, one doesn't want to ossify law in a way that fixes it at the time, I guess in this instance, depending on how one judges it, at the very least, the time the complaint was filed in this case. And I think this case is a good illustration of that. This was eight years from the time the complaint was filed to the time the judgment was rendered. And to suggest that simply by dint of filing a claim in a court, you can freeze the law in perpetuity to recover the same amount that you would recover on the day that you filed that complaint is not what Landgraf or its progeny contemplates. And in fact, that very notion is what Landgraf was fighting against. I would point the court, for example, to note 24 of the Landgraf opinion, where it discusses certain types of interests that would not be rights under its analysis. There's the example of the individual who builds a casino or who learns to count cards at the time that gambling is legal and subsequently the law changes. People act on the basis of expectations all the time and then have those expectations frustrated. But that's the price we pay for allowing the law to evolve. And that is precisely what has happened here. There are no rights that would qualify under Landgraf and subsequent case law such that the damages remedy and the damages limitation at issue now in Virgin Islands law should not be applied equally in this case as to all others. I would also note that the statutory text and context in which the statute occurs also supports that reading. As an initial matter, the amount recoverable is the focus of Section 555. That is to say, a focus on judgments that are rendered subsequent to the passage of the statute. And in this case, as we discuss in our brief, this was not a case where we are altering a judgment that is rendered prior to the effective date of the statute, but rather after the statute's effective date. Likewise, the fact, as plaintiffs' counsel pointed out in their answering brief, that the other portions of the Short-Term Revenue Enhancement Act of 1999 did choose to limit their application specifically to subsequent either accidents or subsequent causes of action, whereas that limitation was not made on Section 555, is again evidence of the fact that the legislature intended this to apply to all cases pending on the date of the effective date of the statute. Unless there are any further questions, I'll be happy to save the rest of my time for rebuttal. We'll hear you on rebuttal. Thank you very much. Good afternoon, Your Honors. May it please the Court. My name is Shawn Honfeld, and I represent the appellee, David Monison, in this case. Your Honors, the sole issue before the Court today is whether the district court erred in refusing to apply Section 555 statutory cap on non-economic damages in an action which arose 10 years prior to its enactment and was filed approximately two years before the act's effective date. The Landgraf decision, the Supreme Court's landmark decision in Landgraf, provides the analysis that this Court must employ in determining whether or not the Court should apply a statute to a case that was pending at the time of its enactment. Your Honor, in Monison's brief, he argued that there were two statutory provisions that apply to this case, but I would like to focus actually on the third argument because I believe that that is the argument that the appellant focused primarily on today. And that is that the Court must determine if the Court finds that the Virgin Islands Legislature did not specifically define the temporal reach of the statute. This Court must determine whether Section 555 has a retroactive effect. The Landgraf decision and its progeny sets forth three factors that the Court should consider in determining whether or not there is a retroactive effect. And we believe that the two factors that would be implicated in this case is the first, that this act would impair rights that Monison possessed at the time he filed the action, and secondly, that it would impose new duties with respect to transactions already completed. How so? What new duties? Well, Your Honor, the statute, Section 555, states that there's a cap on non-economic damages provided that the plaintiff proves that the defendant's act was willful or that the defendant acted with gross negligence. That certainly is a much higher burden than mere negligence. So with the enactment of Section 555, a plaintiff must now prove that the defendant acted with gross negligence. And that certainly is not the burden that Monison had at the time that he filed his complaint. Ms. Sunfield, the district court reasoned that Section 555 was prospective because it provided that it should take effect 180 days after enactment of this act. Should we read anything into that? And what does Landgraf teach with respect to effective date of the statute? Well, I think certainly Landgraf teaches that the court should look at the clear language of the statute, at the Virgin Islands Legislature's clear language as to how the statute should be applied, whether it should be applied retroactively or prospectively. And I believe that the district court seized on that language because that language indicates that the Virgin Islands Legislature was looking at this statute in a prospective manner as opposed to being applied retrospectively. But the Supreme Court said in Landgraf a statement that a statute will be effective on a certain date does not arguably suggest that it has any application to conduct that occurred at an earlier date. So does it really help us? Well, Your Honor, quite honestly, I really feel that although the court seized on that language to support its decision in this case, I think that there are other provisions in Landgraf that I think perhaps may even be more persuasive, such as the fact that it would impair Monison's right, the right that he had at the time that he filed the action. At the time that Monison filed the action, Monison had the right to file a claim for non-economic damages that would be commensurate to his actual injuries. And in this case, he had substantial injuries and substantial disfigurement and impairment of his extremities. So at the time that he filed the action, Monison did have that right, the right to recover damages that would have actually reflected his pain and suffering as opposed to an arbitrary cap, Your Honor. What about our Collins opinion? You responded to our request that you address that case. Neither party addressed the case in their briefs initially. Does it help you? Yes, I believe that the Collins case is applicable to this case, and I think it's very helpful to Monison's position. And I think the reason why the Collins case is helpful is because the Supreme Court in Landgraf also announced three other factors that this court must consider in determining whether or not a statute would be retroactive if applied to a pending action. And that is fair notice, reasonable reliance, and settled expectations. And I note that in the Collins case, this court found that the provision that would have required the plaintiff in Collins to apply some of his judgment towards the payment of attorney's fees, the court found that that would thwart the reasonable expectations that Mr. Collins had at the time that he filed his action. And that that would in effect cause the statute to be impermissibly retroactive. Your Honor, I know that the appellant hasn't discussed it so much in his opening argument, but I think it's very important to consider the many cases that the Landgraf opinion cites to, and this is in plaintiff's brief on page 28 through 30. Landgraf cites to a number of cases that cites that there's a great weight of authority that an increase or a decrease in damages or repeal of the statutory maximum recoverable in wrongful death actions, for example, is not retroactive, and that it should not apply to cases arising before that statute's enactment. There are other cases which state that statutes that modify the amount of damages recoverable has an impermissible retroactive effect on pending actions. And I say that because I know that the appellant has argued in its brief that because this statutory provision decreases the amount of damages recoverable as opposed to increasing, it creates no burden, and therefore it is not impermissibly retroactive. There's also the case of Johnson v. Virgin Islands Port Authority, and this is a case that the appellant cited in its brief, in which the appellant cited for the proposition that it would be retroactive to apply a statute to a pending action if the judgment was issued before the statute's enactment. However, I believe that this Court's decision in Collins and certainly the decision in Johnson's, that this is the District Court of the Virgin Islands' decision, it's a 2002 decision, certainly both decisions show that the consideration is actually the time that the case is filed, the complaint is filed, as opposed to the time that the judgment is rendered. Because certainly in Collins, under the PLRA, there was no effect on the judgment until the Court rendered its decision. Your Honor, at this point, I would really like to conclude, because I feel that Monison's brief is quite clear in my opinion, and I think it speaks to the fact that because at the time that the case was filed, Monison did have a right, he did have a right to non-economic damages. Certainly, I'd like to pose the question to the appellant that had, in this situation, had the Virgin Islands Legislature enacted a provision which stated something to the effect that henceforth or at a certain effective date there will be no claim of non-economic damages in motor vehicle accidents, certainly that would be an infringement on Monison's rights. Therefore, since in this case, even though the legislature had not completely repealed non-economic damages, but had instead created a limit on non-economic damages, this is also very similar, we argue, and it creates the same burden on the right and the same burden that the Landgraf decision has instructed the Court, would have an impermissible retroactive effect. So I'd like to conclude by saying that, in our opinion, the District Court did not err in its decision to not apply Section 555 to this action, and I ask that the District Court's decision be affirmed. Thank you. Thank you. Mr. Vice-Apprentice, do you have a follow-up? Thank you. I'd like to just begin by briefly noting that, in response to this discussion of what would happen if a claim were eliminated, I think we have to concede that, at least under this Court's precedent in Matthews v. Kidder v. Peabody-Cole, the elimination of, in that case, a treble damages remedy, or in this case, the entire elimination of some other sort of remedy, would be impairing a right that a party possessed at the time that the suit was filed. But I think that distinction is telling here. The Matthews Court was faced with a situation where treble damages were one remedy that was afforded, and rather than the Court analyze the decision in a manner that said, well, since the amount of damages has been reduced, that has impaired a right, and therefore land graphism implicated, the Court took the extra step and said this is akin to eliminating a cause of action. And that was the manner in which this Court reasoned and relied to the result that it did in Matthews. That parallel analogy is not available to the Court here. Non-economic damages recovery remains intact. It is less than it might have been before Monison – when Monison – How about if they said it at all? Excuse me? Sorry? How about if they had said it at all? Your Honor, I think that would be a more difficult situation, and certainly I would agree that there is some point at which the damages remedy is no longer essentially effectively available to the individual. I would – So it is less of a right or more of a right depending upon the measure of damages? No, Your Honor. The question is whether essentially the claim has been eliminated. And I think that Judge Nygaard's hypothetical was to say effectively this has been sort of the contrast between the scenario where a dollar of non-economic damage is available and some larger amount. The legislature – and this maybe bears more on the question – the legislature can always explicitly say one way or the other what it is doing. I would suggest that in a scenario where the legislature said we're chopping it down to a dollar, that might strongly suggest the legislature had in fact intended to eliminate the cause of action entirely, and that would suggest in turn that under this court's decision in Matthews at least, assuming that is not in conflict with Norris v. Crocker as we discuss in our brief, that would in turn mean that that would impair a right a party possessed at the time when he acted. I think it's also just important to discuss briefly the timeline in this case because I think that also bears upon the expectations of the parties here. At the time that the act in question became effective, Mr. Monison had lost on summary judgment in the district court, and this case was going up on appeal to the Third Circuit. There were eight years that elapsed from that time to the ultimate – excuse me, eight years that elapsed from the time of the complaint to the time of the judgment here, and four years, I believe, from the time that this court remanded – excuse me, five years from the time this court remanded to the time that judgment was ultimately entered. During that entire period of time, the statute at issue in this case was in effect.  Thank you, Your Honor. Thank you very much. Thank you to both of counsel. It's an interesting matter. It has been well argued, and we will take it under advisement. I will ask the clerk to close the proceedings. Please rise. This court stands adjourned until Monday, December 17th.